IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00891-BNB

KEITH FRAZIER,

    Plaintiff,

v.

P. FLORES, 2 Unit Manager, CCCF,
P. PACHECO, Chief of Unit Management, CCCF,
C. AMATO, Correctional Officer, CCCF,
P. CORONA, Correctional Officer, CCCF,
A. HARRIS, Correctional Officer, CCCF,
SMELSER, Warden, CCCF,
R. SELMAN, Assistant Warden, CCCF, and
A. DeCESARO, Step 3 Grievance Officer, CDOC,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Keith Frazier, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Frazier has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

Mr. Frazier has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Frazier's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Frazier is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Frazier claims in the Prisoner Complaint that his constitutional right to due process was violated when Defendants confiscated and destroyed his personal property.  He alleges in support of this claim that his prison cell was searched on June 14, 2011, and that officers removed a plastic bag with a large amount of his possessions.  Among the items taken was a manila envelope that contained music industry research material including weekly charts, album reviews, artist interviews, special articles, features, and photographs culled from magazines and newspapers to which he subscribed as well an order form and printed descriptions of books and DVDs available for purchase from the Edward R. Hamilton Bookseller Company.  According to Mr. Frazier, he intended to use the research material to write a book.  The due process claim in the Prisoner Complaint relates solely to the confiscation and subsequent destruction of the research material in the manilla envelope.  As relief Mr. Frazier seeks damages in the amount of $2,660.00, which is the amount he estimates is necessary to

obtain back issues of the magazines and newspapers from which he had obtained the research material in the manilla envelope.

Mr. Frazier asserts the due process claim against eight individuals. He specifically alleges that Defendants C. Amato, P. Corona, and A. Harris searched his cell and confiscated the manila envelope. He asserts that Defendant P. Flores explained to him that the research material in the manilla envelope was confiscated as contraband because the items were altered and no longer attached to the original publications even though Mr. Frazier argued that the contraband rule does not apply to reading material. He further asserts that Defendant Flores rejected his request to mail the items to someone outside of the facility and, instead, threw away the research material the following day. Mr. Frazier contends that he filed a lost/damaged property claim that was denied by Defendants Flores and Smelser. Mr. Frazier also exhausted the DOC administrative grievance procedure with respect to the confiscation and destruction of his research material and his grievances were denied by Defendants Pacheco, R. Selman, and A. DeCesaro.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Although Mr. Frazier alleges that he was deprived of personal property, he fails to allege facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process.

If the research material in the manilla envelope that is the subject of Mr. Frazier's due process claim was contraband as prison officials determined, Mr. Frazier does not have a protected property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th

Cir. 2006); *Kunze v. Bertsch*, 477 F. Supp.2d 1038, 1053 (D.N.D. 2007). Thus, if the research material was contraband, Mr. Frazier is not entitled to any procedural protections under the Due Process Clause and the due process claim must be dismissed.

Even if Mr. Frazier is correct in arguing that the research material was not contraband under the relevant prison regulations and that he was deprived of a constitutionally protected interest in that property, the due process claim still fails. Mr. Frazier argues that the confiscation of his research material was not authorized by prison regulations. However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 U.S. at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982) (per curiam). According to the DOC grievance procedure, which is available on the DOC website, the definition of "remedy" includes "restoration of or restitution for property." *See* DOC Administrative Regulation 850-4, Grievance Procedure at III.J. Therefore, the Court finds that the DOC grievance procedure provides a meaningful remedy with respect to Mr. Frazier's property deprivation claim. In addition, Mr. Frazier does not allege facts that

demonstrate the DOC grievance procedure was unresponsive or inadequate in any way.  *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) ("In order to state a [due process] claim under § 1983 [for intentional deprivation of property], a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy.").  The fact that Mr. Frazier did not obtain the relief he sought through the DOC grievance procedure is not sufficient to show that the process was unavailable or inadequate.  *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

Even if the DOC grievance procedure is not an adequate postdeprivation remedy, the Court also must consider whether an adequate postdeprivation remedy exists in state court.  *See, e.g., Cooper v. Belcher*, 2010 WL 3359709 at *15 (D. Colo. Aug.25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.").  Mr. Frazier concedes that he filed an action in Colorado state court challenging the allegedly unlawful confiscation and destruction of his property and that the state court action was dismissed with prejudice.  (*See* ECF No. 1 at 9.)  He does not allege any facts that demonstrate the remedy available in state court was unavailable or inadequate and the fact that he did not obtain the relief he sought in the state court action does not demonstrate the state court remedy was unavailable or inadequate.

For all of these reasons, the Court finds that Mr. Frazier cannot state an arguable due process claim based on the confiscation and destruction of music industry research material.  Therefore, the action is legally frivolous and must be dismissed.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the

purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  3rd  day of      December      , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court